**NOT FOR PUBLICATION IN WEST'S HAWAI‘I REPORTS AND PACIFIC REPORTER**

**Electronically Filed
Intermediate Court of Appeals
CAAP-23-0000043
25-JAN-2024
08:19 AM
Dkt. 56 SO**

NO. CAAP-23-0000043

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI‘I

IN THE INTEREST OF M.C., S.C., T.B., AND B.B.

APPEAL FROM THE FAMILY COURT OF THE FIRST CIRCUIT
(CASE NO. FC-S No. 21-00237)

**SUMMARY DISPOSITION ORDER**
(By:  Leonard, Acting Chief Judge, Hiraoka and McCullen, JJ.)

This appeal by L.B. arises from a Hawai‘i Department of Human Services (**DHS**) petition for temporary foster custody over M.C., S.C., T.B., and B.B. (the **Minors**).  The Family Court of the First Circuit held a contested return hearing on January 11, 2023.[1]  L.B. did not attend, but his attorney did.  The Family Court defaulted L.B., took jurisdiction over him, and adjudicated the petition.  The court entered an **Order**[] Concerning Child Protective Act on January 17, 2023.  The Minors' foster custody was continued.  L.B. was ordered to follow DHS's service plan.  The Family Court entered findings of fact and conclusions of law on March 9, 2023.  L.B. appeals.  We affirm.

> [T]he family court possesses wide discretion in making its decisions and those decision[s] will not be set aside unless there is a manifest abuse of discretion.  Thus, we will not disturb the family court's decisions on appeal unless the family court disregarded rules or principles of law or

---

[1]    The Honorable Natasha R. Shaw presided.

> practice to the substantial detriment of a party litigant
> and its decision clearly exceeded the bounds of reason.

Fisher v. Fisher, 111 Hawaiʻi 41, 46, 137 P.3d 355, 360 (2006) (citation omitted).  A family court's denial of a request to continue a proceeding is reviewed for abuse of discretion. Weinberg v. Dickson-Weinberg, 123 Hawaiʻi 68, 71, 229 P.3d 1133, 1136 (2010).  A family court's findings of fact are reviewed under the clearly erroneous standard.  Fisher, 111 Hawaiʻi at 46, 137 P.3d at 360.  Conclusions of law are ordinarily reviewed de novo, under the right/wrong standard.  Id.  However, when a conclusion of law presents mixed questions of fact and law, we review it under the clearly erroneous standard because the court's conclusions depend on the facts and circumstances of each individual case.  Est. of Klink ex rel. Klink v. State, 113 Hawaiʻi 332, 351, 152 P.3d 504, 523 (2007).  A conclusion of law supported by the trial court's findings of fact and reflecting an application of the correct rule of law will not be overturned. Id.

DHS filed the petition for temporary foster custody on December 22, 2021.  The initial hearing was held on December 27, 2021.  L.B. contested the petition and asked for a trial.  Trial was set for February 7, 2022.  It was continued to February 11, 2022, then to May 31, 2022.  The Family Court turned the May 31, 2022 trial date into a pretrial hearing because a new guardian ad litem had to be appointed and L.B.'s attorney was contemplating withdrawal.

At the May 31, 2022 hearing, L.B.'s attorney informed the Family Court that he would continue to represent L.B.  The Family Court rescheduled the pretrial hearing to October 3, 2022, and the trial to October 17, 2022.

At an October 3, 2022 pretrial hearing, L.B.'s attorney orally moved to withdraw.  The Family Court granted the motion and set aside the trial date to allow L.B. to obtain new counsel. Trial was rescheduled to December 12, 2022.  Substitute counsel was appointed on November 30, 2022.

An unsuccessful mediation was held on December 5, 2022. L.B. orally moved to continue the trial. The Family Court denied the motion. On December 8, 2022, L.B. moved to continue the trial or to discharge his attorney. The Family Court continued the trial to January 11, 2023, but informed L.B.:

> And [L.B.], if you decide that you don't like [your attorney], or whatever it may be, and you decide you don't want him to be your attorney, it doesn't matter if you have a different attorney, we are going to trial on January, okay? Whatever reason that you come up with in January, you know, we're going to proceed, understand?
>
> [L.B.]: All right.

The Family Court's written order stated:

> [L.B.] shall be prepared to proceed to trial on [January 11, 2023] regardless of his counsel situation, including if he discharges his current counsel or obtains new counsel. [L.B.] shall be prepared to proceed pro se if he does not have an attorney at trial. THERE SHALL BE NO FURTHER CONTINUANCES BASED ON [L.B.]'s retention or lack thereof, of COUNSEL.

L.B. didn't appear on January 11, 2023. The Family Court waited over an hour for him. The court then recited the case's procedural history and stated:

> And this morning [L.B.'s attorney] provided the Court with two copies of two documents that [he] received from his client. One of the documents is titled Hawaii Emergency Physicians Associated, Inc. It's a medical certificate from Honolulu County Medical Society. It says, Court will read it: This is to certify that [L.B.] has been under my professional care and in my opinion was incapacitated from performing his/her usual duties from October 10th, 2023 through -- I'm sorry -- January 10th, 2023 through January 12th, 2023, and the date is January 10th, 2023. And it was signed by someone. The signature is not legible and there is a MD that was scratched out and an RN written above it.
>
> There's also a looks like doctor's note regarding [L.B.], and that he visited the doctor at Adven -- Adventist Health Castle on January 10th, 2023. He was discharged with viral syndrome, that the instruction -- follow-up instructions were that he were to follow up with his primary care provider within one to two days, and these two days happen to fall on the two days of this trial.
>
> The Court attempted to contact [L.B.], however there was no response by [L.B.]. The Court informed [L.B.'s attorney] that his client can appear by Zoom for the trial,

> however [counsel], based on the two letters provided, said that his client was incapacitated, could not attend the hearing.

The Family Court asked the parties for their positions. The Minors' guardian ad litem objected to L.B.'s failure to appear. DHS stated it was "very suspicious of this report . . . given the history of this case" but took no position on whether to default L.B. L.B.'s attorney stated:

> Well, Your Honor, if my client is sick, that should be reason to excuse him from this trial today. You know, the Court could, in terms of his default, take it under advisement, set another trial date. If the DAGs or someone else can verify that these documents are not correct, that he's out playing golf today, then the Court can default him nunc pro tunc.
>
> But I have no reason to believe he is lying in these documents, Your Honor. I -- you know, because of the number of continuances, I guess the Court is correct to be wary about whether or not he, in fact, is incapacitated, but without contrary evidence, I believe the Court should continue this matter and set another trial date.

The guardian ad litem asked the Family Court "to do an evaluation to check [L.B.'s] capacity, if that is really the reason why he is unable to attend. Otherwise, I cannot agree that he can't attend based on incapacitation." The Family Court ruled:

> Okay. Based on the totality of what has transpired as to the continuances, and that it's been over one year, and that [L.B.] had notice of the trial date, the Court finds that these two documents are not good cause to continue the contested adjudication trial. The Court's going to find that [L.B.] has inexcusably and willfully failed to appear at trial, and the Court will default [L.B.], adjudicate the petition as to [L.B.], take jurisdiction as to [L.B.].
>
> And then, [L.B.'s attorney], if there's something more than just these documents that -- you know, you can file an appropriate motion later and the Court can (inaudible) as well. But for -- the Court's going to default him today and take -- take jurisdiction.

The record does not reflect that L.B. moved for reconsideration or to set aside his default.

4

The January 17, 2023 Order stated:

> Regarding [L.B.]'s non-appearance, [L.B.'s attorney] informed the Court that [L.B.] is ill and requested a continuance of [L.B.]'s scheduled adjudication trial.  In support, [counsel] submitted a "Medical Certificate" from "Hawaii Emergency Physicians Associated, Inc." and a note from "Adventist Health Castle" regarding [L.B.], which the Court reviewed.  The Court attempted to call [L.B.] multiple times but was not able to reach him.  GAL objected to [L.B.]'s non-appearance and request for a continuance, while DHS, Mother, and [counsel for another party] took no position.  After due consideration, including the Court taking note of [counsel]'s submissions as well as the history of continuances and prior orders in this case, the Court, over [counsel]'s objections, does not find good cause to excuse [L.B.]'s non-appearance or to grant [counsel]'s request for another continuance.  Moreover, over [counsel]'s objections, the Court finds that [L.B.] inexcusably and willfully failed to appear for his adjudication trial and is in default.

Foster custody for Minors was continued.  The DHS Family Service Plan dated December 22, 2021 was ordered as to L.B.  The service plan required that L.B. have a psychosexual evaluation; complete sexual offender therapy; participate in ʻOhana conferencing; participate in an alcohol and drug assessment and participate in any recommendations; and cooperate with DHS's social worker and providers.

This appeal followed.

L.B. challenges the Family Court's findings and conclusions about the medical certificate from Hawaii Emergency Physicians Associated and the note from Adventist Health Castle. L.B. relied on those documents to show good cause for his failure to appear at trial, but neither document appears in the record on appeal.  L.B. has "the burden of furnishing the appellate court with a sufficient record to positively show the alleged error. An appellant must include in the record all of the evidence on which the lower court might have based its findings and if this is not done, the lower court must be affirmed."  Union Bldg. Materials Corp. v. Kakaako Corp., 5 Haw. App. 146, 151-52, 682 P.2d 82, 87 (1984) (citations omitted).

Under those circumstances, including the Family Court offering to let L.B. appear by Zoom, trying to contact him

multiple times after his non-appearance, inviting counsel to move to set aside L.B.'s default, and L.B.'s failure to then submit "other relevant and credible evidence as to why [he] inexcusably failed to appear[,]" we cannot say that the Family Court abused its discretion by denying a continuance of the trial, taking jurisdiction over L.B. under HRS §§ 571-11(9) (2018 & Supp. 2020) and 587A-5 (2018), and defaulting him.

L.B. also challenges conclusion of law no. 57, which is actually a mixed finding and conclusion. The Family Court found and concluded that "the reports submitted pursuant to HRS §[§] 587A-7 [safe family home factors] and 587A-18 [reports to be submitted by DHS and authorized agencies] and other evidence and the record" were enough "to sustain the Petition as to [L.B.]" because the Minors "are children whose physical or psychological health or welfare has been harmed or is subject to threatened harm by the acts or omissions of" L.B. The Family Court's finding was supported by substantial evidence in the record, including reports of L.B.'s alleged sexual abuse of M.C. and others. The Family Court's conclusion reflects an application of the correct rule of law. <u>Est. of Klink</u>, 113 Hawaiʻi at 351, 152 P.2d at 523.

For these reasons, we affirm the Family Court's "Orders Concerning Child Protective Act" entered on January 17, 2023.

DATED: Honolulu, Hawaiʻi, January 25, 2024.

On the briefs:

Herbert Y. Hamada,
for Respondent-Appellant L.B.

Philip Dureza,
Julio Cesar Herrera,
Deputy Attorneys General,
State of Hawaiʻi,
for Petitioner-Appellee
Department of Human Services.

/s/ Katherine G. Leonard
Acting Chief Judge

/s/ Keith K. Hiraoka
Associate Judge

/s/ Sonja M.P. McCullen
Associate Judge